ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:   (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:   (202) 481-0324



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) 2:06mc3289-MHT |
| v. | ) Civ. Action No. |
| COQUI CAPITAL PARTNERS, LP a/k/a Tortuga Capital Partners, LP | ) (ECF CASE) |
| Defendant | ) |

## COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W.,

Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Coqui Capital Partners, LP a/k/a Tortuga Capital Partners, LP (hereinafter, "Coqui" or "Defendant"), is a Delaware limited partnership currently maintaining its principal place of business at 1775 Broadway, Suite 604, New York, New York, 10019. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on April 7, 2000, SBA License No. 02/72-0599, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Defendant is managed by Coqui Capital Advisors, LLC. Defendant's General Partner is Tortuga Capital Management, LLC, which maintains its principal place of business at 1775 Broadway, Suite 604, New York, New York, 10019.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, which currently have an outstanding principal amount of $5,457,033.33 as follows:

 a. No. 04662365-00 in the amount of $   423,980.58 disbursed on 02/01/01;
 b. No. 04662366-09 in the amount of $   172,574.09 disbursed on 03/02/01;
 c. No. 04662367-07 in the amount of $   317,385.94 disbursed on 03/07/01;
 d. No. 04662368-05 in the amount of $   453,872.70 disbursed on 03/08/01;
 e. No. 04662369-03 in the amount of $   909,123.35 disbursed on 03/21/01;
 f. No. 04662370-06 in the amount of $1,136,404.19 disbursed on 03/21/01;
 g. No. 04662371-04 in the amount of $1,135,384.71 disbursed on 03/27/01;
 h. No. 04662372-02 in the amount of $   908,307.77 disbursed on 03/27/01.

As of January 19, 2006 there remains $5,737,721.39 in Debenture Leverage outstanding, including principal of $5,457,033.33 and accrued interest and fees in the amount of $280,688.06 with a per diem rate of $1,113.83.

11. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $13,930,000.00 as follows:

 a. No. 02-000056 in the amount of $   500,000.00 disbursed on 2/15/02;

      b.    No. 02-000057 in the amount of $   500,000.00 disbursed on 2/15/02;
      c.    No. 02-000058 in the amount of $   500,000.00 disbursed on 2/15/02;
      d.    No. 02-000059 in the amount of $   500,000.00 disbursed on 2/15/02;
      e.    No. 02-000206 in the amount of $   675,000.00 disbursed on 3/18/02;
      f.    No. 02-000207 in the amount of $   675,000.00 disbursed on 4/25/02;
      g.    No. 02-000208 in the amount of $   675,000.00 disbursed on 4/25/02;
      h.    No. 02-000209 in the amount of $   675,000.00 disbursed on 4/25/02; and
      i.    No. 03-000164 in the amount of $9,230,000.00 disbursed on 2/15/02.

As of January 19, 2006, the total amount of outstanding Participating Securities leverage totals $13,930,000.00.

13.    The Participating Securities described in paragraph 12, above, are subject to and incorporate by reference the Regulations, including, but not limited to, the provisions of 13 C.F.R. §§107.1820-1850 and §107.507.

14.    Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

15.    Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination has been made by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as Receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

16.     Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17.     The Regulations provide that a Participating Securities SBIC such as Defendant Coqui is not considered capitally impaired if their capital impairment percentage is below 85%.

18.     Based on the SBA Form 468 submitted by Defendant for the period ending December 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 106.77%.

19.     By letter dated April 12, 2005 SBA notified Defendant that it was in violation of Section §107.1830(c) due to its excessive capital impairment ratio.

20.     Pursuant to Sections 107.1820(f) and 108.1810(f)(5) and (g) the April 12, 2005 letter gave Defendant fifteen (15) days to cure its condition of capital impairment or SBA would place Defendant into Restricted Operations, pursuant to 13 C.F.R. § 107.1820(e)(3), and would impose Restricted Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

21.     Defendant has failed to cure its condition of capital impairment.

22.     Based on an SBA Form 468, Statement of Financial Position, for the period ending September 30, 2005 provided by Defendant, SBA determined that Defendant's capital impairment ratio is 106.94%.

23.     Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage and the Participating Securities Leverage.

24. As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Coqui Capital Partners, LP.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A. That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Coqui, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Defendant Coqui's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP, and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Coqui for the purpose of liquidating all of Coqui's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Coqui against third parties, as appropriate;

D. That this Court render Judgment in favor of SBA and against Coqui

Capital Partners, LP, a/k/a/ Tortuga Capital Partners, LP, in the amount of $5,737,721.39, including principal of $5,547,033.33 and accrued interest and fees in the amount of $280,688.06 as of January 19, 2006 with a per diem rate of $1,113.83 until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

    E.    That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

Dated: 2/27/2006    By: _____
WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
Eastern District of New York
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 2/21/06    By: _____
ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324